UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

REFLECTIONS AT ROCK CREEK
HOMEOWNERS ASSOCIATION, INC.,
A Florida Non-Profit Corporation

    Plaintiff,

v.                                                              Case No: _____

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation,

    Defendant.
_____/

**PETITION FOR REMOVAL
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, ("PIIC"), through its undersigned counsel, pursuant to 28 U.S.C. § 1441 and §1446, respectfully petitions for the removal of the instant action, styled *Reflections at Rock Creek Homeowners' Association, Inc. v. Philadelphia Indemnity Insurance Company*, Case No. 10038938 (08), from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and as grounds therefore states as follows:

    1.    This is a civil action for breach of contract which is presently pending in the Circuit Court in and for Broward County, Florida. Broward County is within the Southern District of Florida. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all matters presently on file in the State Court action, including a copy of the Summons and Amended Complaint against PIIC, are attached hereto as composite **Exhibit 1**.

    2.    This action was commenced on September 23, 2010 when Plaintiff,

Reflections at Rock Creek Homeowners' Association, Inc., (Association), filed its initial complaint against defendant, Citizens Property Insurance Corp. (Citizens).

3. On May 9, 2011, Plaintiff filed an amended complaint in which PIIC was named as defendant for the first time. Service of Process was accepted by the Chief Financial Officer of the State of Florida on **May 17, 2011** and was forwarded to PIIC's registered agent, CT Corporation System by electronic delivery on May 20, 2011.

4. On May 10, 2011, Plaintiff filed Notice of Dropping parties dismissing defendant, Citizens, from this action. Upon dismissal of Citizens from this action, this action became removable.

5. This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

   A. It is an action between citizens of different states; and

   B. It is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs.

6. Plaintiff, Association, is a Florida Non-Profit Corporation with its principal place of business in Broward County, Florida.

7. Defendant, PIIC, is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

8. PIIC issued to the Association, policy number PHPK286325, which provided commercial inland marine during the effective dates of coverage of March 16, 2008 to March 16, 2009. The stated limit of coverage available under the policy is $205,000. (See Exhibit A to Plaintiff's Amended Complaint).

9. Plaintiff alleges that on or about June 24, 2008, plaintiff's property suffered damage as a result of hidden decay which caused the floor to collapse. (See ¶ 7, Plaintiff's Amended Complaint).

10. PIIC's stated policy limit of $205,000 is properly considered in determining the amount in controversy. *See Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976). Moreover, upon information and belief, the cost to repair the damage to the Association's property is alleged to be in excess of the stated coverage limits of PIIC's policy.

11. This Petition for Removal is filed within thirty (30) days from the date on which Defendant was served, i.e., May 17, 2011, and within one year from the time this action was originally filed. Accordingly, this Petition is timely under 28 U.S.C. §1446(b).

12. Defendant, PIIC, consents to the removal of this action. Pursuant to 28 U.S.C. § 1446(d), PIIC provided written notice to all adverse parties and filed a copy of this Petition for Removal with the Clerk of Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

**MEMORANDUM OF LAW**

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . .

28 U.S.C. §1441 reads, in relevant part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States to the district and division embracing the place in which such action is pending . . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residents of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Pursuant to 28 U.S.C. §1447(b) "a case may not be removed on the basis of [diversity] jurisdiction… more than one year after commencement of the action."

The instant action meets all requirements for removal from the State Court to this Court. This is an action between citizens of different states; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and this Petition for Removal was filed timely. See *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 119 S.CT. 1322 (1999). This Petition for Removal was filed within one year of commencement of this action and within 30 days of this action becoming removable. Accordingly, this action is properly removable to the United States District Court for the Southern District of Florida.

WHEREFORE, Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, requests that the above action now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida be removed to the U.S District Court for the Southern District of Florida.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing *Petition for Removal* has been furnished on this 7th **day of June, 2011** via U. S. Mail to: **Daniel J. Rheaume, Esq.,** WELT & RHEAUME, P.A., 4770 Hollywood Boulevard, Hollywood, Florida, 33021.

                LITCHFIELD CAVO LLP

                *Robin Rothman*
                ROBIN ROTHMAN, ESQ.
                Florida Bar No.: 656460
                GARY KHUTORSKY, ESQ.
                Florida Bar No.: 814271
                600 Corporate Drive, Suite 600
                Fort Lauderdale, Florida 33334
                Telephone:   954.689.3000
                Facsimile:   954.689.3001
                Email: rothman@litchfieldcavo.com
                        khutorsky@litchfieldcavo.com
                Attorneys for *Philadelphia Indemnity Ins. Co.*